PEOPLE v WHITE

Docket No. 114166. Submitted May 8, 1991, at Detroit. Decided
September 16, 1991, at 9:40 A.M. Leave to appeal sought.

Levernice White was convicted by a jury in the Macomb Circuit
Court, Frederick D. Balkwill, J., of involuntary manslaughter
and was sentenced to ten to fifteen years' imprisonment. He
appealed, claiming that the trial court erred in not suppressing
evidence of his postarrest, post-*Miranda* warning statements to
the police on the ground that the police did not stop interrogat-
ing him after he requested counsel. The defendant also claimed
that his sentence was excessive.

The Court of Appeals *held:*

1. An ambiguous indication of interest by a defendant in
having counsel present during a police interrogation requires
the cessation of the interrogation. In this case, however, the
defendant's requests to "talk to someone" and to "talk to my
father" cannot be construed as requests for counsel.

2. Remand is required to permit the trial court to resentence
the defendant in accordance with the principle of proportional-
ity announced in *People v Milbourn,* 435 Mich 630 (1990),
which was decided after the defendant received a minimum
sentence that exceeded the recommendation of the sentencing
guidelines.

Affirmed, but remanded for resentencing.

*Frank J. Kelley,* Attorney General, *Gay Secor
Hardy,* Solicitor General, *Carl J. Marlinga,* Prose-
cuting Attorney, *Robert John Berlin,* Chief Appel-
late Lawyer, and *Edward L. Graham,* Assistant
Prosecuting Attorney, for the people.

State Appellate Defender (by *Susan Meinberg
Thomas*), for the defendant on appeal.

Before: REILLY, P.J., and GILLIS and MICHAEL J.
KELLY, JJ.

Michael J. Kelly, J. Following a jury trial, defendant was convicted of involuntary manslaughter, MCL 750.321; MSA 28.553. He was subsequently sentenced to ten to fifteen years in prison and appeals as of right. We affirm the conviction, but remand for resentencing.

Defendant first argues that the court erred in denying his motion to suppress statements made to the police following his arrest.

On July 26, 1987, defendant was arrested by members of the Clinton Township Police Department. Following his arrest, defendant was read his *Miranda*[1] rights and transported to the Clinton Township Police Station. Once at the station, defendant asked, "Could I talk to someone—could I talk to my father?" A police officer informed defendant that he could not speak to his father until a detective arrived. Soon thereafter, Detective Lieutenant John Neal arrived and interviewed defendant. Lieutenant Neal began the interview by again advising defendant of his *Miranda* rights. Defendant acknowledged that he understood the rights and signed a form to that effect. During the interrogation, defendant recalled that he earlier had asked to speak with someone or with his father and had been told that he could not speak with his father until a detective arrived. Defendant made no further comment regarding that request, nor did he renew it. Lieutenant Neal thereupon continued the interrogation.

Defendant contends that his request to speak with "someone" and his communication to Lieutenant Neal that defendant had made such a request evidenced an intent to consult with an attorney and that all exchanges with the police

---

[1] *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

therefore should have ceased until an attorney was obtained.

While it is true, as defendant argues, that an ambiguous indication of interest in having counsel requires cessation of police interrogation, *People v Myers,* 158 Mich App 1, 9; 404 NW2d 677 (1987), we do not find that defendant's request in the present case manifested such an interest. Defendant gave no indication that the "someone" with whom he wished to speak would be an attorney, or that his father was an attorney. The parties submitted a stipulated set of facts below, and the key stipulation is that defendant requested to "(a) 'talk to someone' and (b) 'talk to my father.' " This stipulation does not imply that defendant in any way sought the advice of counsel. We therefore decline to construe defendant's request to speak with someone or with his father as a request for counsel.

Defendant's second claim is that his sentence is disproportionate to the crime and the criminal. Defendant's minimum sentence of ten years was double the guidelines' recommended high-end minimum sentence of one to five years. Because the sentence in this case was issued before the current proportionality standard was established by the Supreme Court in *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990), we remand to the trial court so that it may have the opportunity to sentence defendant under that standard. The parties should be permitted to address the *Milbourn* issue on remand.

Defendant's conviction is affirmed, his sentence is vacated, and the case is remanded for resentencing. We do not retain jurisdiction.